09-1332-ag
Lin v. Holder

BIA
Weisel, IJ
A099 538 290

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of February, two thousand ten.

PRESENT:

GUIDO CALABRESI,
ROBERT A. KATZMANN,
DEBRA ANN LIVINGSTON,
  *Circuit Judges*.

_____

CHENG ZHI LIN,
 *Petitioner*,

  v.           09-1332-ag
                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
 *Respondent*.

_____

FOR PETITIONER:  Michael Brown, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:  Tony West, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Cheng Zhi Lin, a native and citizen of the People's Republic of China, seeks review of a March 4, 2009 order of the BIA affirming the December 11, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cheng Zhi Lin*, No. A099 538 290 (B.I.A. Mar. 4, 2009), *aff'g* No. A099 538 290 (Immig. Ct. N.Y. City Dec. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, this Court reviews only the decision of the BIA. *See Yan Chen*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Asylum and Withholding of Removal**

In this case, the BIA assumed Lin's credibility, but nonetheless found that the physical harm Lin endured at the hands of Chinese authorities during his detention "does not

2

rise to the level of persecution." In light of our ruling in *Beskovic v. Gonzales* that the agency must be "keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground," the BIA's conclusory statement is insufficient to permit meaningful review. 467 F.3d 223, 227 (2d Cir. 2006).

Because a petitioner who has demonstrated past persecution is presumed to have a well-founded fear of persecution, 8 C.F.R. § 1208.13(b)(1), we cannot predict with confidence that the agency would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006).

## II. CAT Relief

Although Lin sets forth the standard for CAT relief in his brief before this Court, he does not challenge the basis of the agency's denial of that relief. Accordingly, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED, and the case REMANDED for further proceedings

3

consistent with this order. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk